UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGENTS OF UNIVERSITY OF MICHIGAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NOVARTIS PHARMACEUTICALS CORPORATION, <br><br> Defendant. | Case No. 22-cv-04913-AMO <br><br> **ORDER GRANTING STAY** <br> Re: Dkt. No. 81 |

Before the Court is Defendant Novartis Pharmaceuticals Corporation's motion to stay the case pending inter partes review ("IPR"). The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for February 22, 2024, is VACATED. *See* Civil L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS the motion.

**I.    BACKGROUND**

Plaintiffs filed their complaint on August 29, 2022, asserting that Novartis's Entresto product infringes claims 10, 11, 16, and 18 of the expired U.S. Patent No. 10,633,344 (the "'344 patent"). ECF 1. Novartis filed its answer on November 21, 2022. ECF 42. The Court held the Initial Case Management Conference on January 10, 2023. The parties have engaged in discovery in the intervening period and completed claim construction briefing. ECF 85 at 7-8.

On August 28, 2023, the last day before the statutory limit, Novartis filed its two IPR petitions: IPR2023-01346 challenging claims 10, 11, and 18 of the '344 patent and IPR2023-01347 challenging claim 16. Novartis filed this Motion to Stay on September 1, 2023. ECF 81.

//

//

## II. LEGAL STANDARD

Courts have inherent power to manage their dockets, "including the discretion to grant a stay pending concurrent proceedings before the PTO." *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 2015 WL 1006582, at *1 (N.D. Cal. Mar. 6, 2015) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)). In determining whether to stay a patent infringement case pending review or reexamination of the patents, courts traditionally consider three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *PersonalWeb, LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014) (citations and quotations omitted). Courts in this district have often recognized a "liberal policy in favor of granting motions to stay" pending IPR. *See, e.g.*, *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 956 (N.D. Cal. 2019).

## III. DISCUSSION

Here, all factors weigh in favor of staying this case pending Patent Trial and Appeal Board ("PTAB") review. First, the stage of this litigation favors a stay. Though the parties have filed their claim construction briefs, the Court has not made any substantive determinations on the merits. The schedule also favors a stay. No trial date has been set. *See* Perito Decl. (ECF 81-1) ¶ 4. In addition, although discovery has begun, it is far from complete. *Id.* No fact depositions have been taken and no close to discovery has been set. While it is true that the parties have begun or completed a number of their obligations under the patent local rules (e.g., infringement contentions, invalidity contentions, claim construction discovery), these are generally events that happen early in the life of a case and are not, by themselves, enough to weigh against a stay. Far more work lies ahead for the litigants.

Second, a stay pending IPR will likely simplify the issues in question, avoid inconsistent outcomes, and preserve limited judicial resources from ruling on issues that may change following PTAB review. "A stay pending reexamination is justified where 'the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue.'"

*Evolutionary Intelligence, LLC v. Apple, Inc.*, No. 13-CV-04201-WHA, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014) (quoting *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998)).

For the most part, this second factor weighs slightly in favor of a stay. The PTAB has not yet instituted IPR. In general, "[u]ntil the PTAB makes a decision on whether to grant the IPR petition, any argument about whether the IPR process will simplify issues . . . is highly speculative." *DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp.*, No. 15-CV-01362-BLF, 2015 WL 12859346, at *2 (N.D. Cal. Oct. 13, 2015). The Universities aver that the potential for the IPR process to simplify the issues is speculative. The standard, however, "is simplification of the district court case, not complete elimination of it by the PTAB." *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-cv-01393-JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014). Even though it is not clear whether a stay will lead to simplification of the substantive issues in this case, the potential for streamlining the issues to be considered by the Court practically weighs in favor of a stay.

Third, the last factor – whether a stay would unduly prejudice or present a clear tactical disadvantage to the Universities – favors a stay. This case involves only one patent, which expired on May 11, 2023. Thus, the Universities can only seek monetary damages for Novartis's alleged infringement. Whether or not this case is stayed, the Universities will eventually be able to seek this recovery and eventually be made whole. *See Sorensen v. Lexar Media, Inc.*, No. C 08-00095 JW, 2009 WL 10695750, at *2 (N.D. Cal. Feb. 25, 2009) ("[G]iven that the '184 patent has otherwise expired . . . the Court cannot ascertain any prejudice that will inure to Plaintiff as the result of a stay, because damages will not continue to accrue during the period the stay is in place."). Further, unlike other cases where a stay could unduly prejudice the business dealings between parties who are direct competitors, *see Zomm*, 391 F. Supp. 3d at 958, the Universities are non-practicing entities that "cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement." *Contour IP Holding, LLC v. GoPro, Inc.*, 2018 WL 6574188, at *6 (N.D. Cal. Dec. 12, 2018). In addition, the risk of "fading memories" and "loss of documentation" seems low. The '344 patent issued relatively recently, on April 28, 2020 – if any

evidence could be lost, it seems likely such loss has already happened. The risk of an additional loss of evidence that could result by staying this case seems minimal. Thus, a stay would not unduly prejudice the Universities.

The Court also discerns no clear tactical disadvantage that the Universities would incur if this case was stayed. In their opposition, the Universities complain of various delay tactics employed by Novartis, including extensions of deadlines to answer and other deadlines, and the Universities note that the timing of Novartis's IPR petition and motion to stay suggest that it seeks a tactical advantage through a stay. Whether or not this is true, this is not the standard – what matters is whether a stay will disadvantage the Universities, not whether a stay will advantage Novartis. And while the Universities make much ado about Novartis's IPR petitions filed at the filing deadline, close filings were timely. *See Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1036 (N.D. Cal. 2015) (declining to "condition a stay on [defendant] seeking IPR earlier than the end of its statutory deadline, or to read a dilatory motive into the timely exercise of its statutory rights"). The Court discerns no clear disadvantage to the Universities here – whether it happens now or months into the future, the Universities will have the opportunity to adjudicate their claims.

## IV. CONCLUSION

The Court ORDERS that this case is STAYED pending inter partes review. The Court further ORDERS that the parties file with the Court a joint case management statement within seven days of any and all of the following events: (1) issuance of an institution decision in either IPR; (2) issuance of a final written decision in either IPR; (2) filing of a notice of appeal regarding a final written decision; (3) expiration of time to file a notice of appeal of a final written decision; or (4) issuance of the mandate after entry of judgment on appeal of a final written decision. The joint case management statement shall apprise the Court of the Patent Trial and Appeal Board's

//
//
//
//

4

decision and describe the parties' respective positions regarding whether the stay should continue in light of the remaining steps before the Patent Trial and Appeal Board.

**IT IS SO ORDERED.**

Dated: October 12, 2023

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

5